## LOGAN v. MARQUESS.

ESTRAY.—*Action by Owner of Animal to Recover Possession.*—The owner of an animal taken up as an estray cannot maintain an action in the circuit court to recover the same from the person who has possession by virtue of his compliance with the provisions of the estray law, until such owner shall have proved his ownership before a justice of the peace, and paid or tendered charges for keeping the animal, as provided by said law.

From the Fountain Circuit Court.

*G. McWilliams,* for appellant.

BUSKIRK, J.—This case went off in the court below upon a question of jurisdiction. The appellant commenced in the court below an action to recover the possession of a colt, which it is alleged was unlawfully detained by the appellee. The appellee by his answer sought to bring the case within the provision of the eighteenth section of the estray law. 1 G. & H. 325. It was alleged that the colt in question was an estray and had been taken up, and all the steps which had been taken were described with particularity. To this paragraph a demurrer was overruled. Issue, trial by jury, verdict for appellee. Motion for a new trial overruled.

The court instructed the jury as follows:

"That the taker up is not bound to deliver up property once legally in his possession under the provisions of the estray laws, until the alleged owner has brought himself within the provisions of the statute making it the duty of the owner seeking to reclaim such property to prove his ownership of the same before some justice of the peace of the township."

It was admitted upon the trial that the colt belonged to the plaintiff, and that he had tendered the defendant the sum of twenty-five dollars for the expenses of taking up and keeping the same. It was admitted by the plaintiff that the defendant had complied with all of the provisions of the estray law in taking up the colt, to the time of bringing this action.

The only question, therefore, for the jury to decide was, whether the appellant had the right to bring his action in

the circuit court, as he had done, without first proving his property and having the compensation of the taker up determined, and paying the same, before a justice of the peace of the township where the colt was taken up; and the court charged the jury that such action would not lie until the owner had brought himself within the provisions of the estray law, and their verdict was accordingly rendered for the appellee. The question which we are required to decide is whether the court misdirected the jury. The eighteenth section of said act reads: "At any time before sale the owner may have his property by proving the same before the justice of the township where taken up, and paying charges. And at any time within two years after sale, but not later, he may reclaim the money paid into the treasury, by proper proof before the county auditor." 1 G. & H. 325.

The above section should be construed in connection with the sixteenth section of said act, which provides: "Upon property sold or reclaimed, the taker up shall be allowed such compensation for keeping such property as shall be, by the justice before whom the proper proceedings are had, deemed just and reasonable, and such taker up shall keep account of the time any estray animal is kept by him, and make oath to the same."

We think the instruction of the court was in strict accordance with the plain and express requirement of the sections hereinbefore set out. If the taker up of estray property should deliver the same to one who was not the owner, he would be liable to the true owner for the value thereof. These sections were intended for his protection. By the sixteenth section, the taker up is required to keep an account of the time any estray animal is kept by him, which has to be verified by his oath, and the justice of the peace is authorized to fix the compensation to which he is entitled. By the eighteenth section, the owner is entitled to his property by proof of ownership and by paying the charges allowed by

the justice.   When the owner has proved his property and paid or tendered the compensation allowed by the justice to the taker up, he is entitled to reclaim the same, and if the taker up should refuse, upon such proof and payment being made, to deliver such property to the owner, he would then be entitled to prosecute an action to recover the possession of the same, together with damages occasioned by the detention subsequent to such refusal.   It results that as the appellant had not, prior to the bringing of his action, proved his property and tendered the damages assessed to the taker up, he had no right to maintain his action.   The remedy given by the statute is a cheap and convenient one and necessary to the protection of the taker up, as the decision of the justice as to the ownership of the property would protect him in surrendering the property, though it might be erroneous.

The judgment is affirmed, with costs.