No. 9892.

James v. Fowler et al.

REPLEVIN.—*Description of Property.*—*Uncertainty.*—*Sufficiency of Complaint.*—*Motion in Arrest.*—In an action of replevin, mere uncertainty in the description of the property affords no ground for sustaining a motion in arrest of judgment, as such motion only questions the sufficiency of the complaint after verdict.

SAME.—*Instructions of Court.*—*Directing Verdict.*—Where, in an action of replevin, the evidence shows, without conflict, the plaintiffs' ownership of the property in controversy, and the only conflict in the evidence is in relation to irrelevant and immaterial matters, the trial court may, without invading or usurping the province of the jury, direct a verdict in favor of the plaintiffs.

SAME.—*Estray Law.*—*Trespassing Animals.*—*Defence.*—Where the owners of domestic animals bring an action to recover their possession, it is not a sufficient defence for the defendant to show that he had taken up the animals while trespassing on his premises, but he must also show that he had substantially complied with the provisions of the estray laws after the animals were taken up.

From the Benton Circuit Court.

*J. C. Pearson,* for appellant.

*M. H. Walker* and *I. H. Phares,* for appellees.

HOWK, J.—This was a suit by the appellees to recover the possession of " six head of hogs," of the value of $10 each, and of the aggregate value of $60, of which, they alleged, they were the owners and entitled to the possession, and that appellant had possession thereof, without right, and unlawfully detained the same from the appellees. Wherefore, etc.

The cause was put at issue and submitted to a jury for trial, and a verdict was returned for the appellees, that they were the owners and entitled to the possession of the property described in the complaint, and that, at the commencement of this suit, such property was unlawfully detained by the appellant. Over the appellant's motions for a new trial and in arrest of judgment, the court rendered judgment for the appellees upon and in accordance with the verdict.

Appellant has here assigned as errors the following decisions of the circuit court:

1. In overruling his motion for a new trial; and,

2. In overruling his motion in arrest of judgment.

The second of these alleged errors calls in question, after verdict, the sufficiency of the facts stated in appellees' complaint to constitute a cause of action. The only objection to the complaint, pointed out in argument by the appellant's counsel, is that it does not " particularly describe " the property sought to be recovered. It must be confessed, we think, that there is not much particularity in the description of the property sued for in this case; but, in *Smith* v. *Stanford,* 62 Ind. 392, it was said, in substance, that the object of the particular description of the property sued for, required by the statute in actions of replevin, would seem to be to enable the proper officer to take and deliver the property to the plaintiff in suit; and it was held that if the description of the property was sufficiently specific for the accomplishment of that object, the complaint would, in that respect, be sufficient.

Even if this were not so, we are of the opinion that mere uncertainty in the description of the property sought to be recovered would afford no sufficient ground for sustaining a demurrer to the complaint, and no ground whatever for sustaining a motion in arrest of judgment; for such an objection to the complaint, even if it existed, would be removed by the evidence on the trial of the cause, and cured by the verdict. We think, therefore, that the court committed no error in overruling the appellant's motion in arrest of judgment.

Under the alleged error of the court in overruling the motion for a new trial, the appellant's counsel first complains in argument of the only instruction of the court to the jury, as follows:

"Under the evidence in this case, the only questions for the jury are, whether the hogs in controversy, when taken up by the defendant and when this suit was commenced, were the property of the plaintiffs. If it is shown by the preponderance of evidence that at the times named the plaintiffs owned said hogs, then, under the other evidence in this case, about which there is no material controversy, the plaintiffs will be entitled to a verdict in their favor.

(Signed)   "E. P. HAMMOND, Judge."

The court did not err, we think, in giving the jury this instruction. Upon the evidence, as it appears in the record, the court would have committed no available error, as it seems to us, if it had instructed the jury, in plain and direct terms, that they must find for the appellees, the plaintiffs below. All the evidence showed, without the slightest conflict, that the hogs in controversy, when taken up by the appellant and when this suit was commenced, were the property of the appellees; and the only conflict in the evidence was in reference exclusively to irrelevant and immaterial matters. In such a case it is well settled that the trial court may, without invading or usurping the province of the jury, direct their verdict in favor of the party entitled thereto. *Dodge* v. *Gaylord*, 53 Ind. 365, on p. 378, and cases cited; *Moss* v. *Witness Printing Co.*, 64 Ind. 125; *American Ins. Co.* v. *Butler*, 70 Ind. 1.

The evidence wholly fails to show that the appellant complied, or attempted to comply, with any of the requirements of the law in relation to estrays; while it does show that his only claim to appellees' hogs was founded upon the fact that he had taken up the hogs as estrays while trespassing on his land. He seems to have overlooked the point that appellees' ownership carried with it the right to the possession of the hogs, and that this possessory right could not be defeated without a showing on his part, not only that he had lawfully taken up the hogs as estrays, but that he had subsequently complied with all the requirements of the law in relation to estrays, on his part to be kept and performed. The theory of appellant's defence was, that inasmuch as he had lawfully taken up the appellees' hogs as estrays, while trespassing on his premises, he would remain lawfully entitled to the possession of the hogs, without further compliance on his part with the requirements of the estray laws, until the appellees had taken the steps, which they might have taken, under the law of June 4th, 1852, in relation to fences and trespassing animals, for reclaiming the possession of their hogs. This theory was radically wrong. The appellees, as owners of the hogs, were entitled to their possession, unless the appellant could show that, by a strict and continuous compliance with the requirements of the statute, he had not only acquired, but at the commencement of this suit still retained, an existing right to their possession as estrays. There is no evidence in the record showing, or tending to show, that the appellant had, at any time after he had taken up the appellees' hogs, complied, or attempted to comply, with any of the requirements of the estray law by him to be complied with. Here lies the material difference between the case in hand and the case of *Logan* v. *Marquess*, 53 Ind. 16, upon which the appellant's counsel seems to place much reliance in argument. In the case cited it was said: "It was admitted by the plaintiff that the defendant had complied with all of the provisions of the estray law in taking up the colt, to the time of bringing this

action." While, in the case at bar, it was not pretended or claimed on the part of the appellant, that subsequent to the taking up of appellees' hogs, he had complied, or attempted to comply, with the provisions of the estray law. The only claim the appellant asserted to the hogs was under the estray law, and when it appeared, as it did, that he had wholly failed to comply with the provisions of that law, he had no legal claim to the possession of the hogs as against their owners.

Appellant's counsel complains of the action of the court in refusing to give the jury certain instructions, at his request. These instructions proceeded upon the theory of appellant's defence, as hereinbefore stated. They were not the law, as applicable to the case made by the evidence adduced upon the trial, and the court did not err in refusing to give them.

The verdict was clearly right upon the evidence, and the motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

HAMMOND, J., took no part in the decision of this cause.