Filed Sept. 23, 1885.

---

No. 12,077.

NAFE v. LEITER.

SUPREME COURT.—*Practice.*—*Cause for New Trial.*—*Assignment of Error.*— A ruling upon a motion to quash a writ of replevin is not a cause for a new trial, and, to present a question as to such ruling to the Supreme Court, an independent assignment of error is necessary.

STATUTORY PROCEEDINGS.—*Strict Compliance with Statute Necessary.*—In all statutory proceedings, *ex parte* in their character, a strict compliance with the substantial provisions of the statute is necessary to the validity of such proceedings.

ANIMALS.—*Running at Large, etc.*—*Impounding.*—*Burden of Proof.*—Under section 2639, R. S. 1881, one who has taken up and seeks to detain animals until certain alleged charges are paid, must show affirmatively that, at the time he took up and impounded such animals, they were running at large or pasturing upon *uninclosed* lands or public commons of the township.

SAME.—*Compensation.*—*Partially Inclosed Land.*—One who takes up and impounds animals found running at large in his pasture only, which is partially inclosed, is not entitled to compensation.

From the Fulton Circuit Court.

*J. W. Rickel* and *E. Myers,* for appellant.

*M. L. Essick, G. W. Holman* and *O. F. Montgomery,* for appellee.

NIBLACK, J.—On, and previous to, the 27th day of May, 1884, Jacob Leiter and James H. Nafe were the owners of,

and resided upon, adjoining farms in Rochester township of Fulton county, in this State. Leiter was, at the time, the owner of a lot of hogs, consisting of five sows and forty-five shoats. On the morning of the day named, Leiter fed his hogs in an open lot on his farm, which communicated with adjoining lands. About ten o'clock of the same day, Nafe found the hogs in his pasture, which constituted a partially inclosed part of his farm, and took them up and impounded them in a lot upon his farm. On the same afternoon, Nafe sent a written notice of the taking up and impounding of the hogs to Leiter, who, before the close of the day, went to Nafe's house, inquired of Nafe the amount of compensation he required, and demanded the possession of the hogs. Nafe answered evasively as to the matter of compensation, and refused to surrender the property. The board of commissioners of Fulton county had previously ordered that only cows, heifers, steers, ewes and wethers should be allowed to run at large in Rochester township. Leiter thereupon commenced this action for the recovery of the possession of the hogs. At the proper time, Nafe entered a special appearance to the action, and moved to quash the writ, upon the ground that it did not, in at least one substantial respect, comply with the provisions of section 1270, R. S. 1881, but his motion was not sustained. This was followed by a verdict and judgment in favor of Leiter.

The objections made here to the proceedings below are only such as were assigned as causes for a new trial, and upon which, in this way, questions were intended to be reserved.

The first cause assigned for a new trial was the refusal of the circuit court to quash the writ, and a carefully prepared argument has been submitted in support of the claim that the writ ought to have been quashed. But this refusal of the circuit court was entirely preliminary to, and disconnected with, the trial. The motion to quash the writ was as much a separate and distinct proceeding as a demurrer to the complaint would have been, or as is a motion to quash an indictment in

a criminal prosecution. Hence, to raise any question in this court upon the overruling of the motion to quash the writ, error ought to have been directly assigned upon that proceeding independently of anything connected with the trial; there is, consequently, no question before us upon the sufficiency of the writ.

The circuit court, upon its own motion, gave to the jury seven instructions in writing. The concluding part of the fifth instruction was as follows: "If the hogs were running at large, it made no difference whether they were on defendant's premises or not. An animal can not (however) be said to be running at large within the meaning of this statute" (section 2639, R. S. 1881), "if it should happen to break its owner's inclosure without his knowledge or consent."

The sixth instruction reiterated, substantially, the same doctrine, but in a more elaborate and somewhat modified form.

The seventh instruction told the jury: "If you find that the defendant complied with the law in taking up and impounding the hogs in dispute, then the plaintiff, immediately on being notified that they had been taken up and impounded, had the right to redeem them immediately after receiving notice that they had been taken up and impounded, and to take into his possession and control the hogs so taken up."

The defendant asked the circuit court to further instruct the jury that in case the hogs were lawfully taken up and impounded, the plaintiff was not entitled to regain possession of them until he either paid or tendered to the defendant $1.50 for each animal for every day the hogs continued to be so impounded, but the court refused to instruct the jury as thus requested, and complaint is now made of instructions five, six and seven, given as above, and of the refusal to give this additional instruction.

Sections 2637 and 2638, R. S. 1881, have relation to the powers and duties of the boards of county commissioners of the several counties of the State in prescribing what kind of animals shall be allowed to run at large in the different town-

ships of their respective counties. Section 2639 provides that, "Whenever any animal shall be found running at large or pasturing upon any of the uninclosed lands or public commons of any township in any county in this State which shall not be specified in the order of the board of commissioners of said county, as in the preceding sections provided, to have the right to so run at large or pasture thereon, any person being a resident of said township shall be authorized to take up and impound said animal in any private or public pound within said township."

Nafe's defence at the trial was that he found the hogs running at large within the meaning of the foregoing statute, and that he was hence authorized to take them up and impound them as he did; that having had the right to take up and impound the hogs, he was authorized to detain them until certain alleged statutory charges were either paid or tendered to him.

It is claimed that this defence was fully sustained by the evidence, and that for that reason, as well as for error in giving and refusing instructions, a new trial ought to have been granted.

It is a well recognized rule of judicial construction that in all statutory proceedings, more or less *ex parte* in their character, a strict compliance with the substantial provisions of the statute is necessary to the validity of such proceedings. *James* v. *Fowler*, 90 Ind. 563. It devolved, therefore, upon Nafe to show affirmatively, that, at the time he took up and impounded the hogs, they were running at large or pasturing upon *uninclosed* lands or public commons of the township. This, we think, he failed to do. He was the only witness who testified as to the circumstances under which the hogs were taken up and impounded. His statement on that subject was as follows: "The hogs, when I took them up, were in my pasture which was only partially inclosed; I put them in my back barn lot, fifteen rods square; the hogs, when I took them up, were running at large." This state-

·ment, when construed in the light of all the evidence, plainly implied that when the hogs were taken up, they were running at large only in Nafe's pasture, which was a piece of ground sufficiently inclosed to designate it, and set it apart, as a pasture either belonging to or under the control of Nafe. Lands may be only partially inclosed, and yet be sufficiently inclosed for many practical purposes. Partially inclosed lands can not, in the full sense of the term, be regarded as *uninclosed* lands. It became incumbent upon Nafe to divest the transaction of all perplexing obscurity, since he had assumed the burden of proving that when he took up the hogs they were running at large upon *uninclosed* lands. Therefore, as we construe the evidence, it fully sustained the verdict.

There was nothing in the instructions, given and objected to, which had any practical application to the case really presented by the evidence as we find it in the record. The jury were evidently not misled by any of these instructions. We need not, therefore, enter into any discussion of the abstract character of the instructions so given and objected to.

The necessary inference from what we have already said is, that Nafe was not entitled to any compensation for taking up and impounding the hogs. The circuit court, consequently, did not err in refusing to instruct the jury on the subject of his supposed right to compensation.

The judgment is affirmed, with costs.

