Anderson *v.* Worley.

No. 12,301.

ANDERSON *v.* WORLEY.

TRESPASSING ANIMALS.—*Estrays.—Statute Construed.*—The right, under section 4837, R. S. 1881, to detain and treat trespassing animals as estrays, is confined to cases where such animals "break into the inclosure" of any person, and not where they wander upon the uninclosed lands of another.

SAME.—*Damages.—Replevin.*—Where the animals of a known owner temporarily escape from his inclosure, and are found trespassing on the uninclosed lands of another, the latter has no right to seize and detain the animals for the purpose of enforcing payment of damages and costs under the estray law; and for animals so detained the owner may maintain replevin.

From the Lake Circuit Court.

*E. Griffin* and *C. F. Griffin*, for appellant.

*T. S. Fancher*, for appellee.

MITCHELL, J.—On the 24th day of September, 1883, Worley's cattle, twenty-four in number, escaped through the fence enclosing his pasture, into a lane between Anderson's land and his own. Going thence over some uninclosed lands belonging to Anderson, they were found in the latter's cornfield, which was partially uninclosed. After being in his field for the space of about an hour, the animals were driven out by Anderson and confined in a lot on his farm. In less than an hour afterwards Worley appeared, offered to pay the damages, and requested permission to take his cattle. This was refused, except upon condition that he would pay one dollar and fifty cents for each animal. Worley, on the same day, called three neighbors, who appraised Anderson's damage at two dollars, whereupon the former tendered him three dollars and demanded his cattle. Failing to obtain possession, Worley commenced this action for the recovery of his animals on the 25th day of September, 1883.

There was a trial by the court, finding that the plaintiff was the owner of the property, and that the damages, amounting to two dollars and twenty-eight cents, had been tendered

and brought into court for the defendant; judgment accordingly.

The appellant contends that the owner of the animals was not entitled to recover possession of them until he had first paid "fifty cents a head and paid the appraisers' fees."

Conceding that the appellant's cornfield was not inclosed, his counsel, nevertheless, undertake to maintain that section 4837, R. S. 1881, is applicable to the case. That section provides that, "When any domestic animal shall break into the inclosure of any person, such person, without regard to the season of the year, may take up such animal as if an estray, whether the owner be known to him or not, and shall proceed as provided by law of estrays, except as herein provided."

We think the right to detain and treat trespassing animals as estrays under the foregoing section, where such animals escape from their owner, is confined to cases where such animals "break into an inclosure," and not where they wander upon the uninclosed land of another.

Under section 4835 damages are recoverable by the owner of lands where domestic animals break into an inclosure, or wander upon the.lands of another; and where animals are not permitted by order of the county board to graze upon the uninclosed commons, such damages are recoverable whether the lands are inclosed or uninclosed.

There is no controversy in this case about the damages. The question was whether the owner of the uninclosed cornfield, on which the animals were found trespassing, might detain them from the owner until the damages, including the fees provided in the act concerning estrays, were paid. The court below, we think, correctly held that he could not so hold them.

This summary method of enforcing payment of damages, and costs of taking up, applies only to inclosed lands, or to animals which are estray. Every person is bound to confine his animals to his own lands, except as regulated by order of

the board of commissioners. He is liable for all damages done by his animals upon the lands of others, whether such lands are inclosed or uninclosed; but for trespasses of cattle escaped from a known owner, upon uninclosed lands, the land-owner is not authorized to seize the animals for the purpose of enforcing payment of damages and costs.

Judgment affirmed, with costs.

