| 114 | 387 |
| 123 | 435 |
| 114 | 387 |
| 124 | 500 |

No. 13,101.

## JONES v. CLOUSER.

ANIMALS.—*Running at Large.—Impounding.—Statute.*—Section 2639, R. S. 1881. authorizing the impounding of animals, has no reference to animals that have strayed from their owners, but applies to animals suffered to run at large, notwithstanding there is no order of the board of county commissioners allowing them to do so.

SAME.—*Right to Detain Impounded Animals.—Estoppel.*—One who seizes and impounds domestic animals is bound to strictly conform to the law, and he can detain them only for the causes specified in the statute. If he places his right to hold possession on a false ground, as by the assertion of an unfounded claim for damages, he can not afterwards change position to the injury of the owner.

From the Clinton Circuit Court.

*W. R. Moore,* for appellant.

*O. E. Brumbaugh, F. Beale* and *J. C. Rogers,* for appellee.

ELLIOTT, J.—On the 15th day of May, 1885, the appel-

lant lived on a farm in Ross township, Clinton county, adjoining one on which the appellee lived. A highway divided the two farms. On that day the appellant found three of the appellee's cattle in his wheat field. These cattle had been feeding in the public highway and upon some unenclosed land for about two weeks prior to the day above mentioned. At four o'clock on the afternoon of that day the appellant drove the cattle out of his field into the highway, and soon after drove them into a private pound on his own land. He sent a written notice to the appellee informing him that he had taken up the cattle and had impounded them, and notifying him to take them out of the pound forthwith. On the receipt of the notice the appellee went to the appellant and demanded the cattle, but the latter refused to deliver them, claiming that he was entitled to nine dollars as damages. This sum the appellee then refused to pay, but on the following morning he duly tendered it; his tender, however, was refused. The appellant, at the time of the tender, claimed that he was entitled under the law to eighteen dollars, and that he would not accept a less sum. He suffered no injury from the cattle breaking into his field. The board of commissioners of Clinton county had not adopted any order allowing cattle to run at large.

The trial court held that the appellee was entitled to recover possession of the cattle, and gave judgment in his favor. We think the judgment of the trial court is right, but we do not agree with appellee's counsel in their view of the statute. Our opinion is, that section 2639, R. S. 1881, has no reference to animals that have strayed from their owners, but applies to animals suffered to run at large in counties where there is no order of the board of commissioners authorizing owners to allow their animals to run at large. The act in which that section is found is entirely distinct from the act relative to fences, as well as from the act respecting trespassing animals. The object of section 2639 is to coerce owners of domestic animals to keep them within

their own enclosures, unless there is a proper order of the board of commissioners allowing them to run at large. *Nafe v. Leiter,* 103 Ind. 138.

We affirm the judgment for the reason that the appellant, when called upon by the appellee, asserted an illegal demand. At that time he was not entitled to any damages, and he had no right to hold possession of the cattle on that ground. As he placed his right to detain the cattle on a false ground, he had no right to subsequently change position to the injury of the owner. At all events, such a course prevents him from successfully asserting a lien.

The person who seizes domestic animals under statutes such as that under consideration, is bound to strictly conform to the law, and can only detain them for the causes provided by statute. *Anderson* v. *Worley,* 104 Ind. 165; *Nafe* v. *Leiter, supra; James* v. *Fowler,* 90 Ind. 563; *Weber* v. *Hartman,* 7 Cal. 12.

Judgment affirmed.

Filed April 18, 1888.