Filed April 26, 1890.

No. 14,198.

## HAFFNER v. BARNARD.

SPECIAL VERDICT.—*Replevin.*—*Right of Possession.*—*Demand.*—*Sufficiency of Averments as to.*—A special verdict in an action of replevin which finds that the plaintiff was and is the owner of the animal in dispute, and follows this finding with a statement of facts showing such ownership, is not open to the objection that a conclusion of law merely is stated. A sufficient refusal by the defendant to deliver the animal to the plaintiff is shown by a statement in the special verdict that the plaintiff made a demand of the defendant of the property described in the complaint, and after said demand was made plaintiff caused a writ of replevin to be issued and replevied the property from the defendant.

SAME.—*Personal Property.*—*Rightful Possession Shown.*—*Continuation of Right Presumed.*—When the facts stated in a special verdict show a rightful possession of personal property, the continuation of the right must be presumed until the contrary is made to appear.

REPLEVIN.—*Demand.*—*When Necessary.*—It is only in cases where the property of one person is lawfully in the possession of another, and where a demand will render the possession unlawful, that a demand is necessary to the maintenance of an action of replevin.

ESTRAYS.—*Duty of Taker-Up.*—*Personal Notice to Owner.*—*What Must Contain.*—*Advertising and Posting.*—*Estray Law Strictly Construed.*—One who takes up an animal as an estray is not entitled to retain the same as against the owner for the payment of charges and damages unless within twenty-four hours after such taking up he gives notice to the

owner of such animal, if known, and he can be immediately found. Such notice must contain a statement of the trespass and the damages assessed: otherwise it will be insufficient. In cases where personal notice is given, the statute requiring notice by posting or advertising does not apply. Laws like the estray law are construed strictly against the party claiming the benefit thereof, and he must follow their provisions closely or lose all benefit therefrom.

From the Tippecanoe Circuit Court.

*B. W. Langdon* and *T. F. Gaylord,* for appellant. ·

*W. H. Bryan* and *W. R. Wood,* for appellee.

Berkshire, J.—This action was brought to review a judgment theretofore rendered in the Tippecanoe Circuit Court in an action between the same parties, brought by the appellee against the appellant to recover the possession of personal property.

The appellee addressed a demurrer to the complaint, which was sustained by the court, to which ruling of the court the appellant reserved an exception, and the appellant refusing to amend his complaint the court rendered judgment against him for want of a sufficient complaint.

The only error assigned is, that the court erred in sustaining the demurrer to the complaint.

In the former action the jury returned a special verdict, and after the verdict had been returned the appellant moved for judgment thereon in his favor, which motion the court overruled, and he saved an exception; thereafter the appellee moved for judgment in her favor upon the special verdict, which motion the court sustained, and the appellant reserved an exception, and the court rendered judgment that the appellee recover the possession of the property from the appellant, and also a judgment against him for costs.

The gravamen of the complaint is for alleged error of law occurring at the former trial, and the only question to which our attention has been called is as to the sufficiency of the special verdict to support the judgment given by the court.

The contention of the appellant is, that upon the facts re-

turned by the jury the court should have sustained his motion for judgment in his favor, and rendered judgment accordingly.

As the verdict is not lengthy we will set it out :

" Fannie Barnard v. Frederick Haffner.

" We, the jury, return the following special verdict in the above cause : The plaintiff is the owner of the property described in the complaint; that the plaintiff did turn said cow, with the bell on, in and upon the public highway Friday evening, July 8th, 1887; that on Saturday morning, July 9th, 1887, defendant found his enclosure broken open and the cow, with bell, named in complaint, was then and there found in and upon the premises and within the enclosure of the defendant, and not elsewhere ; that defendant then and there detained and held said cow, with bell, in his possession, and gave plaintiff written notice of taking up said animal, which written notice was received by plaintiff before nine o'clock A. M., July 9th, 1887 ; that the plaintiff on the eleventh (11) day of July, 1887, made a demand of the defendant of the property described in the complaint; that on Monday morning, July 11th, 1887, and after said demand was made, plaintiff caused a writ of replevin to be issued and replevied the property from the defendant before noon of said 11th day of July ; that the plaintiff before suing out the writ of replevy and taking possession of said property, did not pay or offer to pay any money to the defendant for taking up said cow, costs and damages, or any expenses whatever, nor did said Haffner before said replevin have his damages appraised or assessed. If upon the foregoing facts the law is with the plaintiff, we find for the plaintiff that she is the owner of and entitled to retain possession of the property described in the complaint, and assess her damages at fifty cents. If the law is with the defendant, we find for the defendant.

                              " HENRY EDRIS, Foreman."

We are of the opinion that the facts found by the jury

show that the appellee was entitled to the possession of the property when she instituted her action to recover the possession thereof, and that the appellant was at the time wrongfully withholding the possession thereof.

It is true that every material fact necessary to the plaintiff's recovery must be found in his favor, and so appear in the special verdict to entitle him to judgment, and that the presumption is in favor of the defendant as to any material fact not so found.

This is a rule firmly established by the decisions of this court, and if there is a fact omitted from the verdict under consideration necessary to the appellee's recovery, then the court erred in its conclusion and judgment in her favor.

But while this is true, if the facts found are sufficient to support a judgment in favor of the plaintiff, the order in which they are stated or the language employed by the jury is wholly immaterial. And the verdict should be considered as an entirety, and not in isolated parts.

The two ultimate facts in the replevin action were, (1) the right to the possession of the property in the plaintiff, and (2) the unlawful possession of the defendant.

The verdict starts out with the statement that the plaintiff was and is the owner of the property ; but it is claimed that this is a conclusion.

We do not think so when taken in connection with what follows.

This statement is followed immediately with the further finding that the plaintiff turned the cow with the bell on in and upon the public highway, and on the morning of the following day she was found in the enclosure of the appellant, and that he held her in his possession and gave the appellee written notice of having taken the animal up.

We think the facts stated disclose ownership and possession when the appellee turned the cow into the public highway, and a recognition of ownership thereafter in the appellee

by the appellant, and the right of possession subject to his claim as a taker-up of the animal.

When the facts stated show a rightful possession of personal property, the continuation of the right must be presumed until the contrary is made to appear.

It nowhere appears in the special verdict that the appellee's right to the possession of the animal had been divested. No facts appear in the special verdict to indicate that the appellant, or any other person, was entitled to the possession of the animal as against the appellee.

But it is contended by the appellant that if the special verdict shows a proper demand by the appellee of the appellant before instituting her action in replevin, it is not made to appear that the appellant refused to surrender the property. We think otherwise.

After the demand was made, if that is properly shown, the appellee brought her action, and when the officer went with his writ for the property he found it in the appellant's possession.

But it is contended further that all that appears in the special verdict as to a demand having been made must be disregarded, as the statement of a conclusion ; concede this, and it can make no difference in the result.

It is only in cases where the property of one person is lawfully in the possession of another, and where a demand will render the possession unlawful, that a demand is necessary to the maintenance of an action of replevin. *Torian* v. *McClure*, 83 Ind. 310 ; *Kuhns* v. *Gates*, 92 Ind. 66.

The special verdict under consideration discloses an unlawful possession at the beginning of the original action, hence no demand was necessary.

The property was taken up by the appellant on the morning of July 9th, and on the same morning before 9 o'clock the appellee was served with notice.

The statute required that the appellant serve a written no-

tice on the appellee within twenty-four hours after taking up the animal. Section 4838, R. S. 1881, reads: "Such taker-up shall, within twenty-four hours after such taking up, give notice to the owner of such animal, if known, and he can be immediately found."

Section 4839 provides for the assessment of damages. It reads: "Such taker-up, before posting or advertising, shall procure, from two disinterested freeholders, an examination and assessment of damages, with a certificate of the same, including reasonable pay for such assessment."

Section 4840 provides what the notice or advertisement shall contain. It reads thus: "The fact of trespass in the inclosure of the taker-up and the damages assessed, including pay for assessing, shall be specified in such notice or advertisement."

Construing these sections together, we are of the opinion that posting or advertising is not contemplated in cases where personal notice can be given. The object is to give notice to the owner of the animal, and when he receives personal notice an advertisement would seem to be entirely useless.

The provision as to the contents of the notice and advertisement evidently refers to the two provisions which precede it; that is to say, where personal notice is given it shall contain a statement of the trespass and the damages assessed, and when an advertisement is made, either by posting or by publication in a newspaper, it shall contain the same information.

Section 4841, we think, further supports our conclusion. It reads thus: "The owner shall not be entitled to demand the trespassing estray from such taker-up, unless he proceed, as in case of estrays, to prove his property and pay costs allowed in the case of estrays, and also damages and the costs of assessment."

If in cases where personal notice is given, notice by posting or advertising is also required, then under the estray law

Haffner *v.* Barnard.

which governs as to the time in which the notice must be given, the taker-up has five days within which to advertise, and though after the owner has received notice personally, he goes and offers to pay the damages, etc., as provided in said last quoted section, the taker-up can say to him, " I have three or four days, as the case may be, in which to advertise, and I propose to hold your animal until that time expires, it does not suit me to have the appraisement and advertisement made sooner."

We may also add that the word advertisement as employed in the estray law which is to control in cases arising under the statute we are now considering, where not specially provided otherwise, covers notice by posting as well as notice by publication in a newspaper.

Laws of this character are construed strictly against the party claiming the benefit thereof, and he must follow their provisions closely or lose all benefit therefrom. *Jones* v. *Clouser*, 114 Ind. 387, and cases cited.

The appellant having failed to comply with an important provision of the statute had no right to retain possession of the animal in question. *Anderson* v. *Worley*, 104 Ind. 165, though not exactly in point, sheds some light upon the questions here involved.

We find no error in the record.

Judgment affirmed, with costs.

Filed April 26, 1890.