No. 5.

## FRAZIER *v.* GOAR.

ANIMALS.—*Running at Large.—Impounding.—Compliance with Statute.*—One who relies upon section 2639, R. S. 1881, for his authority in impound·ing an animal found running at large, must show a strict compliance with the statute.

SAME.—*Residence of Defendant.—Pleading.—Answer.—Insufficiency.*—To an action of replevin an answer showing that when the answer was filed the defendant was a resident of the township in which the animals were taken up by him, but without showing that he was a resident of the township at the time of the taking up of the animals, is· insufficient.

SAME.—*Retaking Possession after Commencement of Action of Replevin.*—A retaking of possession by the plaintiff after the commencement of the action of replevin is no bar to the action.

SAME.—*Section 2639, R. S. 1881, Unrepealed.*—Section 2639, R. S. 1881, is not repealed by the act of March 7, 1887 (Acts 1887, p. 38), by which it is made the duty of road supervisors to cause certain specified domestic animals found running at large to be impounded.

From the Clinton Circuit Court.

*G. Haynes, J. N. Sims* and *J. V. Kent,* for appellant.

*S. H. Doyal* and *P. W. Gard,* for appellee.

BLACK, C. J.—This was an action by the appellant against the appellee for the recovery of the possession of three horses, and damages for the detention thereof.

The appellee answered in two paragraphs, the first of which was withdrawn. A demurrer to the second paragraph was overruled, and, the appellant refusing to reply, judgment was rendered for the appellee on demurrer.

The only question before us is as to the sufficiency of the second paragraph of answer. By this paragraph the appellee sought to justify his acts, charged in the complaint, by showing that he had taken and· detained the animals pursuant to the provisions of the statute relating to animals running at large. Sections 2637–2643, R. S. 1881.

Sections 2637 and 2638 provide for the order of the board

of county commissioners directing and specifying what kind of animals shall be allowed to pasture, or run at large, on the uninclosed lands, or public commons, of any township in the county.

Section 2639 is as follows : " Whenever any animal shall be found running at large or pasturing, upon any of the uninclosed lands or public commons of any township in any county in this State, which shall not be specified in the order of the board of commissioners of said county, as in the preceding sections provided, to have the right to so run at large or pasture thereon, any person being a resident of said township shall be authorized to take up and impound said animal in any private or public pound within said township."

A person who relies upon this statute for his authority in taking possession of an animal, must show a strict compliance with the statute. *Nafe* v. *Leiter*, 103 Ind. 138 ; *Jones* v. *Clouser*, 114 Ind. 387. He must show that at the time he took up the animal he was a resident of the township. The answer in question was filed on the 14th of November, 1887, and it showed that the appellee was then a resident of the township in which the animals were taken up by him, but it did not show that he was a resident of that township at the time of the taking up of the animals, which by the complaint and the answer was alleged to have been the 10th of October, 1887.

The answer averred the giving of notice in writing by the appellee to the appellant of the taking up and impounding, and the posting of notices of sale, the time fixed therein for the sale being seven days later than the date of the commencement of this action ; and it was alleged that before the time set for the sale the appellant commenced an action of replevin against the appellee, before a justice of the peace, and by virtue of the writ issued therein took possession of the horses, and had since retained them, and still had possession of them ; and that said proceedings in replevin were, by order of the court, dismissed.

It does not appear whether this retaking of possession by the appellant was before or after the commencement of the action at bar. Whatever might be its effect, if the retaking was before the commencement of this action, it would not constitute a complete bar if it was later than the commencement of this action. The answer was insufficient.

It is earnestly argued by counsel for the appellant that section 2639, *supra*, is repealed by the act of March 7, 1887 (Acts 1887, p. 38), whereby it is made the duty of road supervisors, upon view or information, to cause certain specified domestic animals, found running at large upon the roads, commons, or uninclosed lands within their respective districts, which are not authorized to run at large by order of the board of county commissioners, as by law provided, to be impounded, and such other proceedings had as required by the provisions of chapter 11 of the Revised Statutes of 1881, being the act concerning animals running at large, of which section 2639, *supra*, is a part, the supervisor being made liable to fine for failure to perform such duty.

It is insisted that this act of 1887 must be regarded as taking away the right of a resident of the township given by the earlier statute.

The official duty enjoined upon the supervisor by the act of 1887 is not incompatible with the right conferred on any resident of the township by the former act, the proceedings required by which, on the part of the resident, are referred to and adopted by the later act as those which the officer must cause to be had. Additional means for the preventing of the running at large of certain domestic animals are provided.

There is no indication that the Legislature intended that any portion of the earlier statute should not remain in force.

The judgment is reversed, with costs.

Filed April 2, 1891.