Filed March 17, 1892.

---

No. 490.

## FORSYTH ET AL. *v.* WALCH.

ANIMALS.—*Impounding of.*—*Notice to Owner.*—*How Given.*—The taking up and impounding of animals is a statutory proceeding, *ex parte* in its character, and a strict compliance with the substantial provisions of the statute is necessary to the validity of such proceedings. A notice posted up in three of the most public places in the township in which the animals were taken up, but which did not set out the owner's name,

nor show that it was unknown, was insufficient under section 2640, R. S. 1881. If the owner's name was known to the party taking up the animals, it was his duty under said section to notify him in writing, and, if unknown, such fact should have been stated in the notices posted up.

From the Lake Circuit Court.

*J. W. Youche* and *W. C. Mahan,* for appellants.

*W. B. Reading,* for appellee.

ROBINSON, C. J.—This was an action by the appellee against the appellants to recover the possession of two mules, and damages for the detention thereof. The action was commenced before a justice of the peace, and, after trial and judgment for the appellee, was appealed to the Lake Circuit Court, where the cause was tried by the court, and judgment was rendered for the appellee adjudging him to be the owner, and entitled to the possession of the mules, and awarding him nominal damages for their detention.

Appellants filed a motion for a new trial, which was overruled and exceptions saved, which constitutes the assignment of error discussed by the appellants, and the argument is confined to the causes in the motion for a new trial; that the decision of the court was not sustained by sufficient evidence, and was contrary to law.

The ownership of the mules by the appellee was not controverted. But the appellants claim that they were entitled to the possession of the mules under section 2639, R. S. 1881; that they took up and impounded said mules under said section; that they were running at large and pasturing upon the public commons on uninclosed lands in North township, Lake county, Indiana; that, although appellee demanded the mules before this action was commenced, yet he refused to pay appellants the sum of $10 for the cost of taking up and feeding them; that, therefore, the appellants had the right to retain the possession of said mules by reason of the appellee refusing to pay said sum of $10 for the cost of taking up and feeding them.

On the trial of the cause, appellee read in evidence an order of the board of commissioners of Lake county, Indiana, prohibiting all stock from running at large on the south side of the Little Calumet river, in North township in said county, but it is not disclosed by the evidence that the point where the mules were taken up was within the territory included in this order, and there is no way by which we can arrive at this fact, and, under the evidence, this is an unimportant question.

There was a conflict in the evidence as to whether the mules, when taken up, were inside of lands fully inclosed, or were found running at large upon uninclosed lands.    It is clear from the record that the court trying the cause adopted what seems to have been the correct theory of the evidence, that the mules, when taken up, were inside of fully inclosed lands.    But should the position of the appellants be treated as tenable, and it can not be, we could not reverse the judgment of the circuit court ; for, although were it as assumed by the appellants, that the mules were running at large, and pasturing on uninclosed land when taken up, as claimed under section 2639, *supra,* and that section 2642, R. S. 1881, gave appellants the right to hold them until the charges for taking them up and keeping them were paid, there was still a failure to comply with section 2640, R. S. 1881, which was fatal to the defence to this action.

The taking up and impounding of animals is a statutory proceeding *ex parte* in its character, and a strict compliance with the substantial provisions of the statute is necessary to the validity of such proceedings.    A person who relies upon the statute for his authority in taking possession of an animal must show a strict compliance with the statute.    *Frazier* v. *Goar,* 1 Ind. App. 38 ; *Nafe* v. *Leiter,* 103 Ind. 138 ; *Jones* v. *Clouser,* 114 Ind. 387.

Section 2640, *supra,* provides that " The person taking up and impounding any such animal shall immediately give notice in writing to the owner of such animal, if known to

him ; if not, he shall give notice by posting up in three of the most public places in the township a notice in writing, stating therein the time of taking up, the age and marks, and a full description of the animal taken up, and that the owner thereof is unknown to him, and the place where said animal is impounded."

The notice of the taking up of the mules was not such as was required by this section of the statute. The notice was in writing, and was posted up in three of the most public places in the township in which the mules were taken up, but it did not set out the owner's name, nor show that the owner's name was unknown, as required by section 2640, *supra*. If the owner's name was known to the appellants, it was their duty to notify him in writing, and not by posting notices, as was done in this case ; but if the owner's name was unknown to appellant, such fact should have been stated in the notice as required by the statute, and was essential to the validity of the proceedings in taking up the mules.

The judgment is affirmed, at appellants' costs.

