Filed November 26, 1895.

---

No. 1,834.

## LITTLE *v.* SWAFFORD.

ANIMALS.—*Trespassing.*—*Damage Feasant.*—*Statutory Remedy.*— The common law right to distress of cattle *damage feasant* is superseded by the statute providing for the enforcement of claims for damages by detention of the trespassing animals.

Huntington Circuit Court.

*Milligan, Whitelock & Cook,* for appellant.

*France & Dungan,* for appellee.

GAVIN, J.—The supreme court in *Blizzard* v. *Walker*, 32 Ind. 437, expressly decided that the statutory regulations concerning enclosures, trespassing animals, and partition fences were "intended to supersede the rule of the common law on this subject."

Such is also the implication of other cases decided by both the Supreme and Appellate courts. *James* v. *Fowler*, 90 Ind. 563; *Anderson* v. *Worley*, 104 Ind. 165; *Haffner* v. *Barnard*, 123 Ind. 429; *Forsyth* v. *Walch*, 4 Ind. App. 182.

It is true, as said by appellant's learned counsel, that

in these cases the courts have not discussed nor referred specially to the proposition urged by appellant that the statute does not expressly take away the common law right of distress of cattle *damage feasant,* and that it, therefore, remains in force, but in the Blizzard case (as appears by a reference to the record briefs), counsel in terms argued that the common law remedy by distress of such cattle was still in existence.

Under these adjudications, we must conclude that the statute was, by the Legislature, intended to cover the whole ground of the enforcement of claims for damage by the detention of the trespassing animals. The injured party's common law remedy by action at law remains, but the remedy by distress is impliedly superseded by the statute.

Judgment affirmed.

Filed November 26, 1895.