Filed January 9, 1896.

---

No. 1,831.

## Wyman *v.* Turner.

REPLEVIN.—*Impounded Animals.—Road Supervisor.—Possession.*— The possession of animals running at large, by a supervisor, who impounds them as required by section 2838, R. S. 1894, becomes wrongful *ab initio*, and the owner may recover his property without payment to the supervisor, where the supervisor fails to comply strictly with the statute as to notice.

ANIMALS.— *Running at Large.—Supervisor Impounding. — When Statutory Charges Not Recoverable.—Notice.*—A road overseer who takes up animals unlawfully running at large, under section 2838, R. S. 1894, making it his duty to do so, is not entitled to recover the statutory charges, where he serves the notice on the agent of the owner in his individual capacity and not as agent, instead of upon the owner herself, as required by section 2834.

SAME.—*Impounding.—Notice.—Appearance by Owner.—Waiver.* — The appearance of the owner of animals taken up by the road overseer while running at large, under section 2838, R. S. 1894, making it his duty to impound them in such case, does not operate as a waiver of a failure of such overseer to give immediate notice to the owner as required by section 2834.

INSTRUCTIONS TO JURY.—*Instruction as to State of Facts on Which Plaintiff Must Fail.*—An instruction which undertakes to set forth

a state of facts upon which the plaintiff must fail, is bad if it omits an essential element.

Dissenting opinion by Ross, J.

From the Washington Circuit Court.

*Alspaugh & Lawler* and *J. H. Masterson,* for appellant.

*Elliott & Hostetter,* for appellee.

GAVIN, C. J.—Appellant sued to recover certain hogs which she alleged were unlawfully detained from her by appellee. Appellant's ownership was not seriously controverted, but appellee, who was a road supervisor, bases his claim to hold the hogs upon section 2838, R. S. 1894, and preceding sections under which he had taken them up while running at large. By said section 2838 it is made the duty of the supervisors to take up all horses, mules, cattle, sheep, goats or swine found running at large upon the road, commons or uninclosed lands within their respective districts which are not authorized to run at large by a proper order of the county commissioners.

By section 2834, R. S. 1894 (section 2640, R. S. 1881), "The person taking up and impounding any such animal, shall immediately give notice in writing to the owner of such animal, if known to him."

Part of the hogs in controversy were seized by the supervisor on October 24th, part on October 25th. Upon the evening of the latter day, the supervisor sent to Charles Wyman a written notice directed to him, notifying him that said Turner had taken up nine hogs, describing them, believed to belong to said Charles Wyman, who was thereby called upon to come and pay the charges and reclaim the hogs.

On October 26th, Charles Wyman went and saw the

hogs and told appellee they were his mother's. Several days after this appellant sent Charles and another after the hogs, and offered some pay, but not the statutory charges, whereupon appellee refused to surrender the property.

There is evidence that Charles Wyman looked after his mother's business and was a married man, living with his family upon his mother's farm, where she also resided; that the hogs had been kept upon appellant's farm; that she had no knowledge of the seizure until several days thereafter, when she learned the fact from her son or his wife.

The sufficiency of this notice is called in question.

It was said by this court in *Forsyth* v. *Walch*, 4 Ind. App. 182, that "The taking up and impounding of animals is a statutory proceeding, *ex parte* in its character, and a strict compliance with the substantial provisions of the statute is necessary to the validity of such proceedings. A person who relies upon the statute for his authority in taking possession of an animal, must show a strict compliance with the statute." In that case a posted notice was held insufficient because it failed to set forth that the owner's name was unknown. The principle announced in that case is supported by an unbroken line of decisions of the supreme and appellate courts. *James* v. *Fowler*, 90 Ind. 563; *Nafe* v. *Leiter*, 103 Ind. 138; *Jones* v. *Clouser*, 114 Ind. 387; *Haffner* v. *Barnard*, 123 Ind. 429; *Frazier* v. *Goar*, 1 Ind. App. 38.

In *James* v. *Fowler*, 90 Ind. 563, it was said that the "appellees, as owners of the hogs, were entitled to their possession, unless the appellant (who had lawfully taken up the hogs as trespassing estrays) could show that, by a strict and continuous compliance with the requirements of the statute, he had not only acquired, but at

the commencement of this suit still retained an existing right to their possession as estrays."

In *Burton* v. *Calaway*, 20 Ind. 469, there being a replevin suit by the owner without bond, it was held that the taker-up should have proceeded to advertise and sell the animal at public sale as required by law; that the pendency of the suit did not absolve him from the duty of following the statutory course, and that the failure to so do and his selling the animal at private sale pending the suit made him a trespasser *ab initio.*

In *Nafe* v. *Leiter, supra,* the court decides that hogs trespassing and running at large in a partially enclosed field are not running at large upon uninclosed lands within the purview of the statute. Section 2833, R. S. 1894 (section 2639, R. S. 1881.)

In *Jones* v. *Clouser, supra,* the court by Elliott, J., held that where one took up trespassing cattle and refused to deliver them except upon payment of a sum, to which he was not by law entitled, he could not afterwards, when sued in replevin, justify their detention upon some other ground, the learned judge saying, in conclusion, "The person who seizes domestic animals under statutes such as that under consideration is bound to strictly conform to the law, and can only detain them for causes provided by statute."

In *Haffner* v. *Barnard, supra,* notice was given under sections 6554 and 6556, R. S. 1894, being sections 4838 and 4840, R. S. 1881, the latter of which specifies that the notice should contain a statement of the trespass and the amount of damages. It was held not to be good because it failed to contain these facts.

It is also there said, "Laws of this character are construed strictly against the party claiming the benefit thereof, and he must follow their provisions closely or lose all benefit therefrom." The court, therefore, held

the person taking up liable to replevin even without demand, his possession being wrongful in the absence of a compliance with the statute. .

In *Frazier* v. *Goar, supra*, an answer in justification under section 2833, R. S. 1894, section 2639, R. S. 1881, was held bad because it failed to show that the defendant was a resident of the township when he took up the animal, although it did aver he was such resident at the time he filed the answer thirty-four days later.

Other cases declare that animals which merely escape from their owners and are promptly pursued, cannot be regarded as running at large within the meaning of the statute.    *Jones* v. *Clouser, supra;    McBride* v. *Hicklin*, 124 Ind. 499 ; *Wolf* v. *Nicholson*, 1 Ind. App. 222 ; *Chicago, etc., R. R. Co.* v. *Fenn*, 3 Ind. App. 250.

The principle of strict compliance enjoined and established by these repeated decisions, compels us to refuse to accede to appellee's proposition, that this notice was good because directed to and served on one who was appellant's agent, but not directed to him as such agent. Were it only requisite that knowledge should be brought home to appellant as in the commercial transactions referred to by some of the authorities cited by appellee, the position might be well founded, but here one claims a penalty by virtue of the statute.    In order to maintain his right thereto, substantial compliance with the statute is requisite. It appearing that he failed to make this compliance his alleged right falls to the ground.

In the *Haffner* v. *Barnard* case, it is plain the owner had knowledge that his hogs had been taken up and were in the possession of the taker-up ; yet the court held the owner entitled to recover because the notice was not such as was called for by the statute.

The owner's appearance and demand for the hogs

could not operate as a waiver of appellee's failure to conform his conduct to the statute.    It is that very failure which makes him a wrongdoer and justifies the demand.

The case differs from *Wilhelm* v. *Scott*, 14 Ind. App. ——, in the very vital feature, that there it did not appear that the officer had failed to follow the statute, while here it does.

Some distinction is claimed between an officer and an individual as to the obligation resting upon them to comply with the provision of the law. No authority has been cited to sustain this position, nor can we approve of it.    In each instance the original possession is taken in accordance with the law, but to make its continuance lawful, the law must be followed.

The eighth instruction given by the court reads as follows: "If you determine from the evidence that Mrs. Wyman's hogs were running at large when Turner took them into his possession, and if you further find that he was not tendered enough money under the rule of law stated in these instructions, plaintiff cannot recover in this case." This instruction cannot be sustained because it wholly fails to devolve upon the appellee any obligation to give the notice and take the other steps required by law without which he could not retain the stock.    While all the authorities cited are more or less applicable to this point, *Nafe* v. *Leiter*, *supra*, meets the proposition directly.

The instruction undertakes to set forth a state of facts upon which appellant must necessarily fail. In so doing, the omission of one or more essential features is fatal. *Jackson School Tp.* v. *Shera*, 8 Ind. App. 330; *Kentucky, etc., Bridge Co.* v. *Eastman*, 7 Ind. App. 514.

Judgment reversed, with instructions to grant a new trial.

Filed January 9, 1896.

Wyman *v.* Turner.

### DISSENTING OPINION.

Ross, J.—The majority opinion proceeds upon the theory that while the appellee, as road supervisor, rightfully took up and impounded appellant's hogs, having failed to comply with the provisions of the statute which would authorize him to sell them to pay his charges for their impounding, he was, therefore, a trespasser *ab initio*, and that appellant was entitled to recover the possession of her hogs without paying, or offering to pay, the charges to which appellee was lawfully entitled under the statute for their taking up.

All of the cases cited in the prevailing opinion, except that of *Wilhelm* v. *Scott*, 14 Ind. App. ——, are cases arising under section 2639, R. S. 1881 (section 2833, Burns R. S. 1894), and not under section 442, Elliott Supp. (section 2838, Burns R. S. 1894).

Under the former section, permission is granted to "any person being a resident" of the township where the animals are found running at large to take them up and impound them. This section of the statute merely grants a permissive right, while under section 442 the duty is imposed upon the road supervisor to impound all stock found running at large in his district, and if he "shall fail to perform such duty, he shall be fined not less than $1.00 nor more than $5.00 for each and every offense." Under this section of the statute the supervisor has no option in the matter; it is made a duty, and for a failure in the performance of that duty he shall be fined. It is for this reason that I am unable to see how he can be said to be a trespasser *ab initio*. I take it that the majority must concede that appellant's right to recover must depend upon holding that appellee's possession of the hogs was wrongful, for if his

possession was rightful, appellant must fail, this being merely a possessory action.

It should be borne in mind that the appellee was not seeking to sell appellant's hogs, under sections 2640–2643, R. S. 1881 (sections 2834–2837, Burns Rev. 1894), which provides for the manner of selling stock impounded to pay the expenses incurred in the taking up, impounding and taking care of the same, but he was simply holding the stock and keeping it off the highways and uninclosed lands of his district, as the statute made it his duty to do.   Section 2642, *supra,* provides that the person taking up any animal running at large shall receive therefor from the owner the sum of $3.00, upon the payment of which he shall deliver the animal so taken up to such owner.   If the appellee was entitled to this charge for the taking up (and the majority opinion apparently concedes that he was) then the appellant had no right to the possession of the hogs until she had paid, or tendered, these charges to appellee.   As to whether appellee could hold the hogs without giving the notice and taking the other steps required by the statute, until appellant had paid, or tendered the additional cost of taking care of them, etc., incurred after the expiration of the time designated for giving such notice, and taking such other steps as provided by the statute, I deem it unnecessary to decide at this time.   I am satisfied in saying in this case that the appellee was rightfully in possession of the hogs, because the law forced such possession upon him and imposed upon him the duty of holding such possession and not permitting them to again run at large, the same as it imposed upon him the duty of impounding them in the first instance.   If my construction of appellee's rights and duties, under section 442, *supra,* are not correct, we have a law compelling an officer to

impound animals found running at large, and at the same time make him liable in a civil action for the performance of that duty. That may be the law, but if it is, I cannot approve of it.

Filed January 9, 1896.