## McManaway v. Crispin.

[No. 2,849.    Filed May 16, 1899.]

ANIMALS.—*Running at Large.*—*Highways.*—A public highway is not a public common, nor an uninclosed piece of land, within the meaning of section 2833 Burns 1894 authorizing any resident of the township to impound any animal found running at large or pasturing upon any uninclosed lands or public common of the township. *pp. 368-370.*

SAME.—*Running at Large.*—*Highways.*—*Road Supervisor.*—The right to impound animals found running at large upon a public highway is given only to the road supervisor, under section 2838 Burns 1894, and such supervisor cannot delegate the authority to another. *pp. 370, 371.*

REPLEVIN.—*Animals Impounded by Road Supervisor.*—*Escape.*— *Parties.*—Where animals impounded,under section 2838 Burns 1894, by authority of the road supervisor escaped and came into the possession of the owner, an action to replevy same can only be maintained by the road supervisor. *p. 371.*

From the Fulton Circuit Court.    *Affirmed.*

*Conner & Rowley*, for appellant.

*M. A. Baker* and *J. H. Bibler*, for appellee.

WILEY, J.—This is an action in replevin and originated before a justice of the peace.    The complaint averred that appellant, who was plaintiff below, was entitled to the possession of fourteen head of sheep, which appellee unlawfully detained from him; that they were of the value of $36, and that by such unlawful detention, he had been damaged, etc. Both in the justice and circuit court judgment was rendered in favor of appellee.    Appellant has assigned as error the overruling of his motion for a new trial.    A brief statement of the facts, as they appear from the record, will aid in determining the only question which counsel for appellant have discussed.

Appellant took up and impounded the sheep in controversy, which he found pasturing and running at large on a public highway.    He placed them in a pasture which he hired for that purpose.    From this pasture the sheep escaped

McManaway *v.* Crispin.

and went to the premises of appellee, who owned them, and were turned into his pasture. As to how the sheep escaped, the evidence does not show. A day or two after they were impounded, appellant notified appellee thereof, and afterwards demanded of him $6 for his services, which appellee refused to pay, and on such refusal brought this action. After appellant had closed his evidence, the court instructed the jury to return a verdict for appellee, and it is upon such instruction that he asks a reversal. The instruction was in writing, and is as follows: "The plaintiff in this case has introduced his evidence and rested, and I deem it my duty to tell you that under the law and the undisputed facts in this case, that the plaintiff is not entitled to recover in this action. The undisputed fact is that the animals were taken up while running at large on the Michigan road, and that, under the law, the plaintiff has no right to take up animals while running in the highway. He had no right to take them up unless they were running at large on the uninclosed land or public commons of the township. The highway is not uninclosed land, and neither is it public commons. For this reason, the plaintiff has failed in his case. * * * A form of verdict has been prepared which is proper in the case, and I submit it to you and you may go to your jury room and choose a foreman and let the foreman sign this verdict." Appellant argues that by thus directing a verdict, the court invaded the province of the jury. This argument is based upon the provisions of section 2838 Burns 1894, by which it is made the duty of a road supervisor "upon view or information to cause all horses, mules, cattle, sheep, goats, or swine found running at large upon the roads, commons, or uninclosed lands," within his district, to be impounded, etc. It is not claimed that appellant was a road supervisor, and in fact the evidence shows that he was not; but it is claimed that he had a right to impound the animals that he found running at large upon the road, because he was au-

thorized to do so by a road supervisor. The evidence plainly shows that appellant impounded the stock under the authority and by the direction of the supervisor, for he testified that the supervisor ordered him to take up the stock, and such evidence was undisputed. If appellant was without authority to impound the stock, in the first instance, then it is clear that he would have no right of action against appellee to recover possession thereof. If he had a right to impound the animals, such right was conferred upon him by the statute, or by the road supervisor. We are clear that the statute conferred no such right upon him, for the right to impound stock found running at large upon a road is only delegated to a road supervisor within his road district. For a dereliction of his duty he is liable to a fine, and the township trustee is required to retain any unpaid fines or costs from any sum that may be due and unpaid to such supervisor, for services rendered in his official capacity.

If the animals in question had been found running at large, or pasturing on uninclosed lands or public commons, and appellant had impounded them, then we would be confronted with a different question, for in such case any resident of the township is authorized to take up and impound such animals. Section 2833 Burns 1894. A public highway is not a public common, nor an uninclosed piece of land, within the meaning of the statute. *Beeson* v. *Tice*, 17 Ind. App. 78. It is only by statutory enactments that a road supervisor, or other person, is authorized to take up stock pasturing in a highway, and we must look therefore to the statutes alone to declare such authority in favor of any person. As such statutes are in derogation of the common law, they must be strictly construed. This brings us to the discussion of the question whether or not a road supervisor has authority to direct or order another person to perform a duty which the statute expressly requires him to perform. There is no statute within our knowledge, which delegates to a road supervisor the power to appoint a deputy, or an as-

sistant, to perform the duty required of him by section 2838, *supra.* This seems clear to us when we consider the fact that if such appointment were made, the appointee would not be liable to a fine for a failure to perform the duty required of the supervisor, for the statute makes him directly and alone responsible. But in any event, if appellant was acting for the supervisor in impounding the animals, and there was a right of action in any one under the facts in this case, such right would be in the supervisor and not in appellant. That these statutes must be strictly complied with and strictly construed, see *Frazier* v. *Goar,* 1 Ind. App. 38, and *Wolf* v. *Nicholson,* 1 Ind. App. 222.

Considering all the facts disclosed by the record, and construing the statute strictly, as we must, we are led to the conclusion that appellant wholly failed to make his case, and that the court properly directed a verdict for appellee. Judgment affirmed.